UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Benjamin Mario Soto,                                      Civil No.:   13cv2253 (DWF/SER)

               Plaintiff,

v.                                                                          **AMENDED REPORT
                                                                            AND RECOMMENDATION**

Access Ability Incorporated, et al
Minneapolis Department of Civil Rights (MDCR), et al
Minneapolis Commission on Civil Rights (MCCR), et al
Office of the City Attorney (Minneapolis), et al
Minneapolis Mayor's Office, et al,

               Defendant.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), under 28 U.S.C. § 1915(a)(1). (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may

not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Plaintiff's current complaint is a 61-page incomprehensible screed.[1] As far as the Court can tell, Plaintiff was enrolled in some type of job training program with an entity identified as "AccessAbility Incorporated," or "AAI." Evidently, Plaintiff's participation in the AAI program was unsuccessful, and it appears that he may have been dismissed from the program, (although that is not entirely clear). Obviously, Plaintiff believes that AAI mistreated him, but his complaint does not provide any understandable support for that notion. The complaint vaguely suggests that AAI somehow "discriminated" or "retaliated" against Plaintiff because of his race or because of some physical or mental disability. The complaint fails to describe any specific disability, nor does it describe any specific incidents that support the conclusory assertions of "discrimination" and "retaliation."

It further appears that Plaintiff brought grievances about AAI to the other named Defendants in this case – the Minneapolis Department of Civil Rights, the Minneapolis Commission on Civil Rights, the Minneapolis Mayor's Office, and the Minneapolis City Attorney's Office. Plaintiff is dissatisfied with how those Defendants responded to his

---

[1] Plaintiff's current pleading is his Second Amended Complaint, (Docket No. 39). Even though Plaintiff has now had three chances to plead a viable claim in this case, he still has not presented an intelligible explanation of the factual and legal grounds for this lawsuit.

grievances, but his current complaint does not provide any intelligible explanation for his dissatisfaction.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff has not alleged any facts, which if proven true, would establish that any of the named Defendants violated his rights under any of the federal laws mentioned in his complaint, (or any other federal laws). Even with the liberal construction required in *pro se* cases, (*Atkinson*, 91 F.3d at 1129, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), Plaintiff's current complaint fails to state an actionable claim for relief. Again, the allegations in Plaintiff's complaint do not describe any specific acts or omissions by any of the Defendants, that support any discernible claim against any of them, based on the statutes cited in the complaint or other federal law.

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed, the Court will further recommend that Plaintiff's anomalous pending motions, ("Motion to Request Proceeding With Only One Filing to the U.S. District Court District of Minnesota," [Docket No. 3], and "Motion for Summary Judgment," [Docket No. 21]), be summarily denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be

**DENIED**;

    2. Plaintiff's Motion for Summary Judgment, (Docket No. 21), be **DENIED**; and

    3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March 26, 2014                    <u>*s/Steven E Rau*</u>
                                                    Steven E. Rau
                                                    U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 9, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.