UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Benjamin Mario Soto,   Civil No. 13-2253 (DWF/SER)

    Plaintiff-Appellant,

v.   **ORDER**

Access Ability Incorporated, et al.;
Minneapolis Department of Civil Rights
(MDCR), et al.; Minneapolis Commission
on Civil Rights (MCCR), et al.; Office of
the City Attorney (Minneapolis), et al.; and
Minneapolis Mayor's Office, et al.,

    Defendants-Appellees.

This matter is presently before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") in his pending appeal to the Eighth Circuit Court of Appeals. (Doc. No. 64.)

A litigant who seeks to be excused from paying the $505 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be presented on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot

be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application indicates that he is not currently employed, and he is not receiving any regular income at this time. The IFP application also indicates that Plaintiff is a "co-owner" of his home, and he owns an older model automobile, but he has no other assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that this action was properly dismissed, Plaintiff's appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

## ORDER

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's pending application to proceed *in forma pauperis* on appeal (Doc. No. [64]) is **GRANTED**.

Dated: June 20, 2014           s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge